Roland E. BARNES, Appellant and Cross-Appellee,

v.

Abraham S. SIND and Israel Cohen, partners, trading as A. Sind & Associates and Abraham S. Sind and Israel Cohen, individually, Appellees and Cross-Appellants.

No. 9608.

United States Court of Appeals Fourth Circuit.

Argued Nov. 18, 1964.

Decided Feb. 5, 1965.

See also D.C., 32 F.R.D. 39.

Joseph L. Rauh, Jr., Washington, D. C. (John Silard, Washington, D. C., on brief), for appellant and cross-appellee.

Edward Pierson, Baltimore, Md. (Morris D. Schwartz, Washington, D. C., on brief), for appellees and cross-appellants.

Before HAYNSWORTH, BOREMAN and BRYAN, Circuit Judges.

HAYNSWORTH, Circuit Judge:

Cross appeals bring before us a controversy arising out of a real estate transaction. We remand for further proceedings because the appeals have made it apparent that the specific performance ordered by the District Court is inappropriate.

The plaintiff, a Negro, made an abortive attempt to purchase a house and lot in a residential subdivision under development in Maryland. The promoters, moved by threats of litigation and publicity, finally entered into a settlement agreement which obligated them to sell to the plaintiff an identical house constructed on an equivalent lot in the subdivision [1] and to pay liquidated damages for delay. Thereafter the plaintiff rejected a specific proffer of performance on the ground that the tendered lot was not the equivalent of the one he had first cho-

---

1. The agreement purported to give them other alternatives, but they are irrelevant here. The alternative that they deliver the house and lot originally selected by the plaintiff was nominal only, for it long since had been sold. They could also have delivered a substantially equivalent house in the Rockville area, but this alternative was not selected within the time limited for its availability.

sen. As the controversy continued it developed that in the view of the plaintiff and his attorney there was no equivalent lot. Interest, however, focused on a lot and house immediately across the street from the residence the plaintiff first sought to buy. The plaintiff offered to accept that with a cash allowance because of claimed lack of equivalence in the lots. He was also claiming liquidated and other damages.

Inability to agree upon performance of their bargain led to this litigation.

In his complaint, the plaintiff sought a mandatory injunction requiring the defendants to convey to him the house and lot he first sought to purchase or an identical house on an equivalent lot, liquidated damages in accordance with the subsequent contract, other compensatory damages, and an injunction prohibiting the sale *pendente lite* of the house and lot known as 11823 Charen Lane, this being the place immediately across the street from the one plaintiff first sought to acquire. Subsequently, however, the plaintiff, through his attorney, offered to purchase the premises known as 11810 Smoke Tree Road, reserving, however, all of his claimed rights to damages. Upon a finding by the District Court that, of the remaining lots unsold, No. 11810 Smoke Tree Road, with an identical house on it, was the most clearly equivalent of the house and lot the plaintiff first selected, it enjoined the sale, pending the litigation, of the Smoke Tree Road house.

During the trial, the plaintiff, through his counsel, finally agreed to recognize No. 11810 Smoke Tree Road as equivalent to the one he had sought to buy. In doing so, he recognized the rule that the Court could not require a conveyance to him of the Smoke Tree Road house while the plaintiff contemporaneously was pressing a claim for compensation for want of equivalence.

A grant of specific performance was further complicated by the fact that the legal title to the Smoke Tree Road lot and the other unsold lots was in the name of one of the individual defendants. His wife was not a party to the action. The Court and counsel considered the possible inadequacy of specific relief, and reference was made to the difficulties the plaintiff would encounter in financing his purchase and otherwise should the wife decline to relinquish her dower interest. Nonetheless, the plaintiff insisted he wished the requested specific relief and would accept it notwithstanding its possible infirmities without diminution of the purchase price either because of the earlier claim that the lot was not the equivalent of the first one or on account of the outstanding inchoate dower interest.

Under those circumstances, the District Court granted the specific relief, expressing some wonder that the plaintiff should prefer it to damages. It, therefore, entered an order requiring the defendants to convey to the plaintiff all of their right, title and interest in the Smoke Tree Road lot with its improvements.

The plaintiff has now appealed insisting that he is entitled to a warranty deed. He wants it for, as he says in his reply brief, "it would merely make the sellers liable for damages on their warranty if an outstanding dower or other impairment of title should later emerge."

■ The contract does, indeed, call for "a good and sufficient special warranty deed." While it is to be doubted whether under Maryland law a special warranty would give the plaintiff protection against an outstanding dower claim or put him in a position to obtain favorable financing of his purchase, it is perfectly plain from his own assertions that he wants the warranty for the very purpose of supporting a subsequent claim for damages against the defendants.

■■ It is well settled in Maryland that in order to obtain specific performance the applicant must be prepared to pay the full purchase price without deduction for any claimed defect. The rule has been specifically applied in cases where there was an inchoate right of dower in one not a party to the action and against whom the Court was powerless to

grant relief.[2] In such a situation the applicant must content himself with damages or must pay the full purchase price for such title as the defendants can convey to him, subject to the inchoate right of dower.

These rules the District Court recognized. It specifically referred to them in its opinion. Clearly, it ordered the defendants to give to the plaintiff a quitclaim deed for the very purpose of assuring that the plaintiff's representation that he was prepared to pay the full purchase price for such title as was vested in the defendants would be complied with, and that there would be no subsequent controversy about it.

The plaintiff's appeal and his frank statement that he wants the warranty for the purpose of a subsequent claim for damages against the defendants makes it apparent beyond controversy that he never intended to comply with his representation that he was prepared to pay the full purchase price for the defendants' title, subject to the dower interest. He wants the dower interest, and, failing to secure its release, he insists that he is entitled to damages against the defendants. That is the precise equivalent of a reduction of the purchase price because of the outstanding inchoate dower right.

■ When the demand for specific performance is so intimately and insistently coupled with a claim of entitlement to a reduction of the purchase price, specific performance is inappropriate under the Maryland cases.

■ Under these circumstances, we might affirm the order of the District Court granting specific performance to the extent of ordering the defendants to deliver a quitclaim deed to the plaintiff. That would be obviously unacceptable to the plaintiff-appellant, however, and the frank statement of his intention in his brief on appeal discloses plainly now what was obscured in the District Court—that he never was prepared to take the step of an unequivocal payment of the full purchase price by which alone he would be entitled to specific performance. If the plaintiff had informed the District Court of his intention, which he has laid bare before us, the District Court would not have entered the order it did. The appropriate course is a vacation of the order of the District Court and a remand of the case for further proceedings. The plaintiff is entitled to damages for the breach of the contract. Subsequent proceedings will be necessary in order to give him an opportunity to prove what damages, if any, he has suffered from the breach.

■ The District Court has already computed and allowed to the plaintiff damages he suffered by reason of delay in performance. It refused to allow liquidated damages called for by the contract upon the ground that they were clearly penal in nature and not compensatory. The plaintiff has also complained upon appeal of the disallowance of the liquidated damage claim, but we think there was an adequate basis for the District Court's conclusion that they were penal and unallowable.

No one has complained of the District Court's computation and award of actual damages suffered by the plaintiff from delay of performance. Since there is to be no specific performance of the contract, however, the parties and the District Court may wish to reconsider those elements of general damages for the breach to which the plaintiff will be entitled.

The judgment below will thus be vacated in its entirety, so that the District Court may award such damages as may be appropriate, free of any restrictive effect of the earlier order.

The defendants have filed a cross appeal, in which they have contested the appropriateness of specific performance on a number of grounds. In addition to the one we have considered, they are founded principally upon the nature of the original purchase offer and the circumstances surrounding the execution of

2. Trotter v. Lewis, 185 Md. 528, 45 A.2d 329, 334; see also Whittle v. Brown, 217 Md. 161, 141 A.2d 917; · Schneider v. Davis, 194 Md. 316, 71 A.2d 32.

the subsequent settlement agreement. We need not consider those contentions in light of our conclusion that the plaintiff's claims make specific performance inappropriate.

Vacated and remanded.